11th Court of Appeals
Eastland, Texas
Opinion
Israel Williams, Jr.
            Appellant
Vs.                  No. 11-03-00154-CR -- Appeal from Dallas County
State of Texas
            Appellee
 
            The trial court convicted Israel Williams, Jr., upon his plea of guilty, of sexual assault. A
plea bargain agreement was not reached. Appellant also entered a plea of true to the enhancement
allegation. The trial court assessed his punishment at confinement for life. We affirm.
Background Facts
            Appellant was indicted for aggravated sexual assault of a child. He pleaded guilty to the
lesser included offense of sexual assault. He gave a judicial confession and entered a plea of true
to the allegation that he was convicted in 1991 of possession of a controlled substance with the intent
to deliver.
            At the punishment phase, the victim testified that she was 16 years old at the time of the
offense. She knew appellant by his street name, “Old School.” At 4:00 p.m. as she was walking to
her sister’s friend’s house, appellant stopped her. She got into his car, and he took her to his house. 
Inside, appellant pulled a gun and forced her to have sexual intercourse.
            Appellant testified at the punishment phase that he did have sex with the victim but that he
thought she was 18 years old because someone had told him she worked in a club. He stated that
the victim consented and that he not only paid her $20 but also gave her some cocaine. Appellant
further testified that he was 53 years old, that he “ain’t never had no problems with no girls,” and
that he did not “mess with kids.” On cross-examination, appellant testified that he had an 11-year-old daughter and that, “[i]f she went on her own and if the guy did not know,” appellant “wouldn’t
want him to go to prison, you know, because he made a mistake and he was duped.”
            Appellant admitted that he had been confined in a state prison for 19 years for murder, that
he had a prior federal conviction for robbery, and that he had been in a state prison for a drug
conviction. At the time of the offense, appellant stated that he was using cocaine and alcohol every
day and that his home was a “bootleg house” for beer, wine, cigarettes, candy, and “stuff.”
Issue on Appeal
            Appellant was indicted by the 363rd District Court and tried, convicted, and sentenced by
Criminal District Court No. 4. In his sole ground of error, appellant contends that his trial counsel
was ineffective. Specifically, appellant argues that trial counsel’s representation fell far below any
objective standard of reasonableness because a formal transfer order moving his case from the 363rd
District Court to Criminal District No. 4 was not entered.
The Appellate Record Before This Court
            The clerk’s record does not contain a formal transfer order, and the reporter’s record makes
no mention of a transfer. However, a supplemental clerk’s record has been filed in this court, and
it contains the district clerk’s record of the the 363rd District Court’s order transferring this case and
Criminal District Court No. 4’s order of receiving.
Effective Assistance of Trial Counsel
            TEX. GOV’T CODE ANN. § 24.303(a) (Vernon 1988) provides that, in any county where
there are two or more district courts, one of the trial court’s may exercise its discretion and transfer
one of its cases to another district court. We note that the record reflects that a transfer order was
entered and does not reflect that the trial court abused its discretion by transferring the case. 
Therefore, trial counsel’s performance was not ineffective as alleged in appellant’s brief. Moreover,
we note that, after reviewing the entire record before us, trial counsel rendered reasonably effective
assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App.1999). The record does not reflect that counsel’s representation was not
within the range of competence demanded of attorneys in criminal cases or that there is a reasonable
probablity that, but for any error on counsel’s part, appellant would have insisted on going to trial
and would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52 (1985); Ex parte Morrow, 952
S.W.2d 530 (Tex.Cr.App.1997), cert. den’d, 525 U.S. 810 (1998). The ground of error is overruled.
 
 
 
 
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                    PER CURIAM
 
February 5, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.